[No. 4547. Decided April 29, 1903.]

R. MATTHIES, *Appellant,* v. WILLIAM HERTH *et al., Respondents.*

PARTNERSHIP — EXECUTION OF MORTGAGE — REFUSAL OF PARTNER TO JOIN — EFFECT.

A mortgage executed in the partnership name by some of the members of a non-trading partnership, to secure money loaned the firm from time to time for the purpose of increasing its plant and property, is a valid lien on the whole of the property of the firm, although one of the copartners refused to join in its execution, there being no affirmative showing that he refused his assent to the execution of the mortgage by the partnership, but, on the contrary, that the debt was incurred with his knowledge, and that he had enjoyed the fruits of the money received thereby in the betterment of the partnership property.

Appeal from Superior Court, King County.— Hon. BOYD J. TALLMAN, Judge. Affirmed.

*Z. B. Rawson,* for appellant.

*Kriete & Kriete,* for respondents.

The opinion of the court was delivered by

FULLERTON, C. J.—The appellant, who was plaintiff below, instituted this action to dissolve the partnership existing between himself and the respondents Hunnewinkel and Deutsch, and for an accounting and distribution of the partnership assets. The respondent Herth held a mortgage upon the partnership property, executed in the name of the partnership by the respondents Hunewinkel and Deutsch, and he was made a party for the purpose of testing the validity of his mortgage as against the appellant's interests. Herth answered, setting up his mortgage, and praying for its foreclosure. The trial court held the mortgage to be a valid lien upon the partnership property, adjudged a foreclosure of the same, directed that the property be sold, that the mortgage debt be paid, that the partnership be dissolved, and that the money received from the sale of the property remaining after the payment of the mortgage debt be divided equally between the partners. The appeal is from that judgment.

The appellant makes two principal assignments of error, namely: First, that the evidence is insufficient to support the findings of fact; and, second, that the findings of fact are insufficient to support the judgment. He has not, however, brought the evidence into this court for review, and the questions made upon the first assignment are not, for that reason, open to him, and we shall examine the record on the second question only.

The findings of fact made by the trial court material

to the question presented are, in substance, these: The partnership was formed October, 1889, for the purpose of engaging in the business of manufacturing useful and ornamental iron and wire fixtures, such as bank and office railings, iron and wire window guards, coal and sand screens, wire fences, etc. The property of the partnership at the time of the execution of the mortgage consisted of a leasehold interest in certain lots situated in the city of Seattle, a building erected thereon by the partnership, and certain machinery and stock in hand used in carrying on the partnership business. From time to time after the formation of the partnership the respondents Hunewinkel and Deutsch, for and on behalf of the partnership, and with the knowledge of the appellant, borrowed of the respondent Herth various sums of money aggregating $5,000, which was used in the construction of the building above mentioned and in the purchase of machinery and stock used in and for carrying on the partnership business. The mortgage in question was executed to secure the payment of the money so borrowed. Prior to its execution the respondents Hunewinkel and Deutsch requested the appellant to join in its execution, which he refused to do, whereupon they executed the mortgage in the partnership name and as individuals, covering the entire property of the partnership. The court further found that there were no other partnership debts.

The appellant invokes the rule that one partner, or any number less than all, in a nontrading partnership has no implied authority to issue notes in the firm name, and secure the same by mortgaging the partnership property, and argues therefrom that, inasmuch as the court found that the money was borrowed and the mortgage given by his copartners without finding that he gave his assent

thereto, it failed to find facts sufficient to sustain the mortgage as against his interests in the partnership property, and asks us to so modify the judgment of foreclosure as to direct that one-third of the proceeds of the sale of the partnership property be paid to him regardless of the mortgage debt. But we are of the opinion that the appellant is not entitled to the relief he asks, whatever view may be taken as to the validity of the mortgage. The debt which the mortgage was given to secure was not only contracted in the partnership name with the appellant's knowledge, but the money received thereby was actually used for the benefit of the partnership, most of it in the acquisition of the very property which he now seeks to have awarded to him. Under these circumstances the appellant cannot successfully contend that the debt is not a partnership debt. The ordinary rules of estoppel, if nothing else, will now prevent him from saying that his assent was never given to the contraction of the debt, even if his assent was at any time necessary. The debt being a partnership debt, it is, on dissolution of the partnership, a first lien upon the partnership property as against the interests of the partners, and the court would, in any event, direct it to be paid out of the proceeds of the sales of the partnership property before any part thereof was distributed among the partners. In this case, therefore, as there are no other partnership debts, were it not for the fact that the mortgage lien carried with it an attorney fee, which the ordinary lien does not carry, it could make no difference to the appellant whether the property was sold under the mortgage lien or the lien which follows the partnership debt, as the mortgage bore a rate of interest less than the legal rate, and the costs of sale would not be different. At most, therefore, the court could only relieve him from the judgment for the attorney's fee.

But the question, Is the mortgage valid? we think should
be answered affirmatively. True, the court found that the
appellant refused, when requested, to join in its execution.
But this, as we understand it, was not intended as a find-
ing that he refused his assent to the execution of the mort-
gage by the partnership, but was intended as a finding
that the appellant declined to obligate himself personally,
independent of his partnership relation, for the payment
of the debt. Giving it this construction, there is noth-
ing in the record which disputes the validity of the mort-
gage. The court found that it was executed in the part-
nership name, on behalf of the partnership, for a partner-
ship debt, by two of the partners, and the rule is that a
mortgage or other instrument executed on behalf of a part-
nership by one of the partners is presumed to be the au-
thorized act of the partnership, and is overcome only by
an affirmative showing to the contrary.

The judgment is affirmed.

DUNBAR, HADLEY, ANDERS and MOUNT, JJ., concur.